(28 App. Div. 407.)

HALES v. SEAMEN'S BANK FOR SAVINGS OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 22, 1898.)

1. SAVINGS BANKS—RECOVERY OF DEPOSITS.

In an action brought against a savings bank by the administratrix of a deceased depositor to recover the amount of an alleged unpaid balance, it was established that the deposits made by the decedent were subject to a by-law known to her, and requiring, in case of withdrawals, production of the bank book either by the depositor or some one with a written order from her, and that during her lifetime practically the entire deposit had been withdrawn on production of the book and compliance with all requisite formalities. The bank book was not produced or accounted for at the trial. *Held*, upon the evidence, that a verdict for defendant was properly directed.

2. SAME—ACTUAL BALANCE.

A depositor's demand upon his bank for a sum in excess of that actually on deposit to his credit does not, in a subsequent action by him for the full amount demanded, in which it appears that most of it had already been paid to him, warrant a verdict in his favor for the actual balance.

Appeal from trial term, New York county.

Action by Helen F. Hales, administratrix, against the Seamen's Bank for Savings of the City of New York. From a judgment on a verdict and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

A. L. Pincoffs, for appellant.
W. W. Thompson, for respondent.

PATTERSON, J.  In the year 1883, Mary B. Schmitt deposited with the defendant sums of money amounting in all to $870.  In 1897 the plaintiff, administratrix of the goods, etc., of Mrs. Schmitt, demanded of the defendant that amount, with accumulations of interest, aggregating $1,429; and, that demand not being complied with, this action was brought.  It appeared in evidence that Mrs. Schmitt was the holder of a bank book, No. 220,823, in which book was credited the several sums constituting the total amount above mentioned. That book has utterly disappeared, was not produced at the trial, and its loss not accounted for.  At the time that book was issued, and in accordance with the custom and rule of the bank, certain information was furnished by Mrs. Schmitt to the bank, which was the basis of test questions to be asked of the person presenting the book upon applications for withdrawal of moneys credited upon it.  The defense set up by the bank was that in January, 1885, $890 was withdrawn by Mary B. Schmitt.  It was shown that there was a rule of the bank, with which Mrs. Schmitt was acquainted, that all withdrawals of money on account of deposits must be made by the depositor personally, and on the production of the depositor's book, or by his or her order in writing, or by his or her executors or administrators, and that all payments which should be made to the persons producing the depositor's book should be valid and effectual.  The issue of fact raised by the pleadings, therefore, was as to the truth of the allegation of the defendant that it had paid the sum stated to Mary B. Schmitt, the depositor, on the production of her book.  It was held by the trial court that the defense of payment had been established beyond contradiction, and that there was nothing to be submitted to the jury, and thereupon a verdict for the defendant was directed, from the judgment entered upon which this appeal is taken.

The only question is therefore whether there was anything to go to the jury.  It was fully established by the testimony of two witnesses that in January, 1885, $890 was paid out of the deposit standing in the name of Mary B. Schmitt; that the person to whom it was paid produced the book, No. 220,823; and that such person also correctly answered the test questions which were put to her.  These witnesses were the tellers of the bank.  They produced the books of the bank, which contained entries corroborating their testimony.  On cross-examination of one of these witnesses, the statement was made that he testified from the record, and that, independently of the record, he would not have remembered the transaction.  But he also states that with the record before him he recalled the transaction.  The contents of the books of the bank came into evidence without objection; and from those entries, in connection with the testimony of the two witnesses referred to, it was plainly established that the by-law of the bank, of which Mrs. Schmitt had knowledge, and subject to which she was a dealer with the bank, was fully complied with; that the bank book was produced, and the money paid to the person who answered the test questions; and that all the formalities required in

paying out the money were complied with, and all the care necessary was exercised by the bank. A witness was called on behalf of the plaintiff, who testified that he saw the bank book in 1890, and that he did not observe any entry in that bank book of a withdrawal of any of the money credited therein to Mrs. Schmitt. Upon that mere circumstance, the plaintiff insists that the case should have gone to the jury. This witness gave no account whatever of the bank book, nor where it had been, nor in whose possession it was, nor whether its condition had been changed, nor what its history was from the time it was delivered to Mrs. Schmitt. Nor does he say anything more with reference to the entries upon the book than that he remembered the appearance of the book when he saw it in 1890; that there were four deposits credited, and then there was nothing else that he could see. He did not say that he examined it carefully, although he was positive as to what he did notice. His testimony upon the subject was altogether insufficient to make an issue contradicting the entries in the books of the bank and the testimony of the two tellers in connection therewith.

In the answer of the defendant there is a statement that on the 1st day of July, 1897, there was a balance to the credit of the account of Mrs. Schmitt of $38.96, which, with interest, amounted at the day last named to $63.62; and it is claimed by the plaintiff that a verdict should have been permitted at least for that amount. But the plaintiff was not entitled to recover even that much in this action. A demand for the money was necessary, and no such demand was made, for it was not included in that which preceded the institution of this action.

The judgment must be affirmed, with costs. All concur.